UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

**JEREMIAH GREEN,** an individual,

    Plaintiff,

vs.

**MIAMI-DADE COUNTY AND THE PUBLIC HEALTH TRUST d/b/a JACKSON HEALTH SYSTEMS**

    Defendant.

_____/

**COMPLAINT FOR VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT OF 1993**

The Plaintiff, JEREMIAH GREEN (hereinafter "Plaintiff" or "GREEN"), hereby sues the Defendant, MIAMI-DADE COUNTY AND THE PUBLIC HEALTH TRUST d/b/a JACKSON HEALTH SYSTEMS (hereinafter "Defendant" or "JACKSON"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

**1.** Plaintiff is an individual residing in Miami-Dade County, Florida.

**2.** Defendant is a political subdivision that operates a nonprofit medical system through the Public Health Trust.

**3.** This is an action being brought by the Plaintiff against the Defendant for enforcement of the Family Medical Leave Act.  29 U.S.C. § 2617.

**4.** This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant's principal place of business and headquarters is in Miami-Dade County, and a substantial part or all of the events or omissions giving rise to the claim occurred in Miami-Dade County.

## GENERAL ALLEGATIONS

6. Plaintiff was hired by the Defendant on June 13, 2013. He worked as a Hospital Security Specialist for Defendant.

7. At all material times, Defendant was a covered employer pursuant to 29 U.S.C. § 2611(4)(B) of the FMLA.

8. At all material times, Plaintiff was an employee of Defendant and an eligible employee pursuant 29 U.S.C. § 2611(2)(a) entitled to the protections of the FMLA.

9. On or about July 8, 2019, Plaintiff was involved in an automobile accident resulting in injuries.

10. As a result thereof, Plaintiff sought medical treatment and was unable to report to work due to his injuries.

11. Plaintiff contacted his supervisor and/or dispatch each workday from the date of the accident, until August 18, 2019, to advise that he was unable to report to work due to the injuries sustained in the accident.

12. On or about July 23, 2019, Plaintiff was told by his supervisor that he no longer needed to contact him every day and to instead contact Matrix Absence Management (hereinafter "Matrix"), the company that manages leaves of absence on behalf of Defendant's employees. Matrix assigned a claims examiner named Evelyn Noyola ("Noyola") to manage Plaintiff's leave of absence. The leave request was given a number of 3757532. At all material times, Noyola

and/or Matrix acted as an agent of Defendant in communicating and processing Plaintiff's entitlement to leave, including under the FMLA.

13. On or about July 23, 2019, Plaintiff was advised by Noyola that Matrix had contacted his health care provider and gave the provider a health certification form to complete. Noyola provided a copy of the form to Plaintiff and advised him it needed to be completed if Matrix contacted him requesting assistance. Noyola also recommended that the Plaintiff contact his provider to ensure the form was completed on his behalf.

14. On or about July 26, 2019, Plaintiff also received a letter from Noyola referencing prior FMLA leave under number 366115. The letter informed Plaintiff that he was approved for FMLA leave from February 14, 2019 through August 13, 2019.

15. On August 5, 2019, Plaintiff received a letter from Noyola referred to as a "10-day letter" advising him he had until August 12, 2019, to have his health care provider submit the health care certification form.

16. On August 7, 2019, and on several subsequent dates, Plaintiff sought additional medical treatment for his injuries from Dr. Shannon Gonzalez.

17. On August 9, 2019, notwithstanding that Plaintiff had been advised by Matrix that he was still on FMLA approved leave under leave number 366115 through August 13, 2019, and that he had been in communication with Matrix with regard to leave in connection with the injuries he sustained in the July 8, 2019 accident and was in the process of having his health care provider complete the health care certification form, the Defendant ostensibly mailed Plaintiff what it referred to as a "job abandonment letter" to a P.O. Box.

18. Between approximately July 23, 2019, and August 15, 2019, Plaintiff was in communication with Noyola regarding the leave of absence, to include completion and submission of the health care certification form.

19. On or about August 28, 2019, Plaintiff was cleared to return to work, yet Defendant did not permit Plaintiff to return to work, instead asserting that Plaintiff had abandoned his position and separated from employment with Defendant on August 16, 2019.

20. On September 19, 2019, Matrix provided Plaintiff with written correspondence advising that his FMLA leave was approved from August 1, 2019 through August 28, 2019.

21. All conditions precedent to the filing of this lawsuit have been met.

### COUNT I – VIOLATION OF 29 U.S.C. § 2615(a)(1) FOR INTERFERING, RESTRAINING, OR DENYING PLAINTIFF'S EXERCISING OR ATTEMPT TO EXERCISE HIS ENTITLEMENT TO LEAVE UNDER 29 U.S.C. § 2612.

22. Plaintiff adopts and re-alleges all allegations contained in paragraphs 1 – 21 contained herein.

23. At all material times, Defendant was a covered employer pursuant to 29 U.S.C. § 2611(4)(B) of the FMLA.

24. At all material times, Plaintiff was an employee of Defendant and an eligible employee pursuant 29 U.S.C. § 2611(2)(a) entitled to the protections of the FMLA.

25. Plaintiff was entitled to FMLA leave due to his own serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

26. Plaintiff was denied his entitlement to leave as prescribed in 29 U.S.C. § 2612 because he was terminated by Defendant on August 16, 2019 for being absent during the time-period he was entitled to FMLA leave.

27. Plaintiff has been damaged by Defendant's actions in wrongfully terminating him and is entitled to: compensatory damages, plus interest, under 29 U.S.C. § 2617(a)(1)(A)(i) and (ii); liquidated damages equal to the amount of compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); restoration of loss of benefits accrued prior to the effective date of the leave under 29 U.S.C. § 2614(a)(2); reinstatement to his former position as Hospital Security Specialist pursuant to 29 U.S.C. § 2617(a)(1)(B), along with such other just and equitable relief as this Court deems appropriate; and, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

### COUNT II – VIOLATION OF 29 U.S.C. § 2615(a)(1) FOR INTERFERING, RESTRAINING, OR DENYING PLAINTIFF'S EXERCISING OR ATTEMPT TO EXERCISE HIS RIGHT TO RESTORATION TO HIS FORMER OR EQUIVALENT POSITION UNDER 29 U.S.C. § 2614(a)(1).

28. Plaintiff adopts and re-alleges all allegations contained in paragraphs 1-21 contained herein.

29. At all material times, Defendant was a covered employer pursuant to 29 U.S.C. § 2611(4)(B) of the FMLA.

30. At all material times, Plaintiff was an employee of Defendant and an eligible employee pursuant 29 U.S.C. § 2611(2)(a) entitled to the protections of the FMLA.

31. Plaintiff was entitled to FMLA leave due to his own serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

32. Plaintiff was entitled to be restored to his former or equivalent position pursuant to 29 U.S.C § 2614(a)(1) upon conclusion of the leave.

33. Plaintiff was terminated by Defendant on August 16, 2019 for being absent during the time period he was entitled to FMLA leave, and in turn, Plaintiff was not restored to his former or equivalent position upon conclusion of the FMLA leave.

34.     Plaintiff has been damaged by Defendant's actions in wrongfully terminating him and denying him restoration to his former or equivalent position in violation of 29 U.S.C. § 2611(4)(B); accordingly, Plaintiff is entitled to: compensatory damages, plus interest, under 29 U.S.C. § 2617(a)(1)(A)(i) and (ii); liquidated damages equal to the amount of compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); restoration of loss of benefits accrued prior to the effective date of the leave under 29 U.S.C. § 2614(a)(2); reinstatement to his former position as Hospital Security Specialist pursuant to 29 U.S.C. § 2617(a)(1)(B), along with such other just and equitable relief as this Court deems appropriate; and, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a) Compensatory damages, plus interest, under 29 U.S.C. § 2617(a)(1)(A)(i) and (ii);

b) Liquidated damages equal to the amount of compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

c) Restoration of loss of benefits accrued prior to the effective date of the leave under 29 U.S.C. § 2614(a)(2);

d) Reinstatement to former position as Hospital Security Specialist pursuant to 29 U.S.C. § 2617(a)(1)(B);

e) Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3); and,

f) Such just and other equitable relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims set forth in the Complaint.

Dated: July 7, 2021_____

        LAW OFFICE OF BRENDAN M. COYLE, P.A.
        407 Lincoln Road, Ste, 8-E
        Miami Beach, FL 33139
        (305)-604-0077
        bcoyle@law-bmc.com

        By: */s/ Brendan M. Coyle*

        _____
        BRENDAN M. COYLE, ESQ.
        Florida Bar No. 755311


        LAW OFFICE OF ALEXANDER PASTUKH, P.A.
        1395 Brickell Avenue, Suite 800
        Miami, FL 33131
        (305) 502-5715
        apastukh@appalaw.com

        By: */s/ Alexander Pastukh*

        _____
        ALEXANDER PASTUKH, ESQ.
        Florida Bar No. 809551